IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD LESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   3:15-cv-1383-JPG-SCW |
| | ) |
| J.S. WALTON et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

INTRODUCTION

Pursuant to *Bivens v. Six Unknown Named Agents*, **403 U.S. 388 (1971)**, *pro se* Plaintiff Edward Lester, an inmate at United States Penitentiary in Marion, Illinois ("USP – Marion") brought a complaint against Defendants Walton, Runge, and unknown John/Jane Doe #'s 2, 3, 4, 5, and 6 for improperly rejecting an issue of *Red Bulletin* magazine sent to Plaintiff, because it depicted nudity (Doc. 13, p. 1-3). This matter is currently before the Court on Plaintiff's motion for preliminary injunction (Doc. 2),[1] and motion for class certification (Doc. 4). Defendants Walton and Runge have filed responses (Doc. 26; Doc. 27) in opposition to each motion.[2] The matter has now been

---

[1] Plaintiff originally filed a motion entitled "Motion for Temporary Restraining Order and/or Preliminary Injunction" (Doc. 2). However, the Court denied Plaintiff's request for a temporary restraining order in conducting its threshold review as Plaintiff had failed to set forth any facts showing that he was likely to suffer from an immediate and irreparable harm before Defendants could respond to the motion.

[2] Plaintiff filed or attempted to file replies (Doc. 29; Doc. 30; Doc. 33) to these responses; however, having been untimely filed, the replies were not considered.  (*See* Doc. 32; Doc. 34); **SDLR 7.1**.

referred to United States Magistrate Judge Stephen C. Williams by United States District Judge J. Phil Gilbert pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c)**, **Federal Rule of Civil Procedure 72(b)**, and **Local Rule 72.1(a)**. Based on the following, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's motion for preliminary injunction (Doc. 2) and **DENY** Plaintiff's motion for class certification (Doc. 4).

## FACTUAL BACKGROUND

Plaintiff filed his complaint on December 18, 2015 (Doc. 1) alleging that Defendants violated his First Amendment rights by rejecting an issue of *Red Bulletin* magazine because it contained nudity. As narrowed by the Court's threshold order, Plaintiff alleges that on May 21, 2015, Defendants John Doe #5 and #6 (who are mailroom employees) searched through Plaintiff's incoming publication and determined not to deliver the magazine (Doc. 13, p. 1-2). Defendant Runge (who is head of the Publication Review Committee) and committee members John Doe #'s 2, 3, and 4 then reviewed the magazine and rejected it (Doc. 13, p. 2). Warden Walton affirmed that decision (*Id.*). Plaintiff argues that his magazines should have passed inspection because it falls within an exception to the prohibition on pornography which permits nudity that is illustrative of medical, education, or anthropological contents of the publication (*Id.*).

In addition to Plaintiff's complaint, he filed a motion for temporary restraining order and/or preliminary injunction (Doc. 2). Plaintiff argues that USP-Marion has systematically denied publications to Plaintiff and other inmates at the prison. Plaintiff

argues that an injunction would not cause irreparable harm to the Defendants as he believes that the Defendants are misapplying the prison policy and exemption regarding nude depictions and that an injunction would "simply restore the enforcement of the policy that has been in place by the Bureau of Prisons for 27 years" (Doc. 3, p. 4). Plaintiff argues that Defendants are misapplying 28 C.F.R. 540.72 as well as Bureau of Prisons Program Statement 5266.11. The Court previously denied Plaintiff a temporary restraining order, as Plaintiff had not shown that he faced a likelihood of immediate and irreparable harm before Defendants could be heard on the motion. (Doc. 13, p. 8). Plaintiff's motion for preliminary injunction, however, remains pending.

Defendants have since responded to Plaintiff's motion for preliminary injunction (Doc. 27). They first argue that the only named defendants in the case, Runge and Walton, are sued in their individual capacities, and since they are both retired, they are not in a position to implement the injunctive relief that Plaintiff seeks. Defendants also argue that Plaintiff has not shown that he will suffer irreparable harm.

Additionally, along with his Complaint, Plaintiff also filed a motion for class certification (Doc. 4). Plaintiff alleges that his case is entitled to class certification because it involves all inmates at U.S.P. Marion and Defendants' improper denial of all materials containing nudity as a security risk. Plaintiff argues that while not all inmates at Marion have had publications rejected because they contained nudity, some have had publications rejected, and others have their rights placed in jeopardy as they have not yet had any publications sent to them which contain nudity, but could have them

rejected in the future. Plaintiff indicates that he knows of at least four other inmates who are intending to file lawsuits regarding this issue.

Defendants have filed a response in opposition to Plaintiff's motion (Doc. 26). Defendants argue that Plaintiff has not met the requirement of class certification. They argue that Plaintiff has not met the numerosity requirement as he has only pointed to four other inmates that will be filing suits and has not described the class or shown the number of individuals that would ultimately fall within the class, only to say it would include all inmates at U.S.P. Marion. Further, Defendants argue that each case would not present common questions of law and fact and would not be typical to other claims as the evaluation of whether to accept or reject a publication is unique to each mailing. Moreover, Defendants argue that as a *pro se* litigant, Plaintiff is not an adequate class representative.

## MOTION FOR PRELIMINARY INJUNCTION

### 1. Legal Standards

Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. **Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)**. The plaintiff must show four elements for an injunction: (1) plaintiff is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on defendants; and (4) the injunction is in the public interest. Id. The greater the likelihood that the plaintiff will succeed on

the merits of the case, the less significant the likely harm against the plaintiff must be in relation to the harm the defendant will likely suffer due to an injunction. *Id*. According to the Prison Litigation Reform Act (PLRA) injunctions in the prison context must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C.A. § 3626**. Courts may issue preliminary injunctions only on notice to the adverse party. **Fed. R. Civ. P. 65(a)(1)**.

In the context of prisoner litigation, there are further restrictions on courts' remedial power. The scope of the court's authority to enter an injunction in the corrections context is circumscribed by the Prison Litigation Reform Act (PLRA). *Westefer v. Neal*, **682 F.3d 679, 683 (7th Cir. 2012)**. Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2)**. See also *Westefer*, **682 F.3d at 683** (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio*, **130 F.3d 293, 295 (7th Cir. 1997)**.

Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.* **(citing** *Jordan v. Wolke***, 593 F.2d 772, 774 (7th Cir. 1978))**. *See also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.")**.

2. Analysis

Here the undersigned finds that Plaintiff is not entitled to a preliminary injunction as he has not met his burden of showing that he is likely to suffer irreparable harm. Plaintiff has only pointed to one magazine that was rejected due to the BOP policy. There is no indication in the record that Plaintiff has not received any other magazine issues other than the one that was denied. Nor is there any indication that future issues of the magazine will be rejected as it is not known whether future issues will contain the type of nudity and explicit pictures which cause publications to be rejected by the BOP. Yet Plaintiff seeks a prospective injunction to presumably expand the interpretation of BOP policy and federal regulations to allow more materials, including the nudity found in his magazines, into the prison in the future. The Court finds, however, that, Plaintiff has not shown that he will suffer irreparable harm as there is no indication that Defendants' interpretation of regulations and policies will prevent Plaintiff from receiving future issues of his magazine during the course of this case. Plaintiff will continue to receive issues of the magazine that do not contain nudity, and he will only be prevented from viewing those issues which contain nudity.

Further, there is no indication that Plaintiff needs the materials that he seeks for any immediate purpose. Plaintiff does not need access to these materials for any legal matters or any other matter that is currently pending. Rather, it appears that Plaintiff seeks the magazines for his simple viewing pleasure. Thus, he is not likely to suffer irreparable harm if he does not have access to a few future issues of this magazine while the case is pending, as he has not shown any need for the magazines that cannot be remedied by a future order at the close of the case, should Plaintiff prevail. As such, the undersigned finds that Plaintiff has not met his burden of showing he is entitled to injunctive relief at this time. The undersigned, therefore, **RECOMMENDS** Plaintiff's motion for preliminary injunction (Doc. 2) be **DENIED**.

## MOTION FOR CLASS CERTIFICATION

Before a Court can certify a class action, the party seeking certification must show: 1) joinder of all members of the class is impracticable due the number of potential claimants; 2) common questions of law and fact; 3) that the representative parties have typical claims and defenses as to the proposed class as a whole; and 4) the representative parties will fairly and adequately protect the interests of the class. **Fed. R. Civ. P. 23(a)**. Plaintiff alleges here that he has met these criteria. However, Plaintiff does little more than re-state the elements of the law. Any proposed class must be sufficiently defined so that it is identifiable to the Court. *Oshana v. Coca-Cola Co.*, **472 F.3d 506, 513 (7th Cir. 2006)**. The Court has broad discretion to determine whether a proposed class satisfies the requirements. *Keele v. Wexler*, **149 F.3d 589, 592 (7th Cir. 1998)**.

Plaintiff alleges that the class is so numerous that joinder is impossible, but he does not describe the class with any detail other than that the proposed class is "all inmates in the Marion U.S.P." that he then divides into three categories, including those individuals who have not even had magazines rejected under the policy at issue. (Doc. 4). Nor does Plaintiff provide the Court with any facts that would allow it to determine the class size or composition on its own. In fact, Plaintiff only points to four individuals that he says will also be filing suit and acknowledges that not all inmates have had publications rejected in violation of the First Amendment. Thus, the undersigned finds that Plaintiff's proposed class has not been well defined so as to determine that the numerosity requirement has been met.

Plaintiff also alleges that the claims have common law and fact as every publication that was rejected went through the same rejection process. (Doc. 4, p 1). However, as Defendants point out in their response, the considerations made by those reviewing the publications would be different for each publication. (Doc. 26, p. 4). Plaintiff's Complaint alleges an issue of *Red Bulletin*, was denied due to the fact that it contained nudity. However, that is not the only magazine at issue. Plaintiff indicates in his complaint that issues of various other magazines sent to other inmates were rejected. Those include issues of *Christian History*, *U.S. Weekly*, *R. Hughson Reprints*, *W Magazine*, *Surrogate Sisters Flyer*, *Nylon*, *Flat Chested Model Lydia*, *National Geographic*, *Biblical Archeology Review, Christian History*, *New York*, and *Gentleman's Quarterly* (See Doc. 2, p. 3). As Defendants point out in their response, each of these magazines was

separately evaluated when determining whether they should be rejected by the prison. Each would require a case-by-case analysis of the individual publication and the individual issues which would not be typical among each member of the class. Further, Plaintiff's claims, regarding the rejection of *Red Bulletin* would not be typical of those inmates who issues of *National Geographic* were rejected by the prison. Based on the record before the undersigned, it cannot be determined that class certification would be appropriate at this time.

Additionally, because the class members will be bound by any judgment, they are entitled to competent representation by licensed counsel. **Redmond v. Laurent, No. 13-cv-467, 2013 WL 3761106 at \*2 (W.D. Wis. July 16, 2013)**. Courts who have considered the issue have uniformly found that a *pro se* inmate cannot provide competent representation. **Howard v. Pollard, 814 F.3d 476, 478 (7th Cir. 2015) ("it is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative").** See also **Lee v. Gardinez, No. 11-570-GPM, 2012 WL 143612 at \*1 n.1 (S.D. Ill. January 18, 2012);** *See* **Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding plain error where a *pro se* inmate proposed to represent other inmates in a class action)**. Non-lawyers may not represent others before the Court. *See* **SDLR 83.1(e);** *Lewis v. Lenc-Smith Mfg. Co.,* **784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear that an individual may appear in the federal courts only *pro se* or through counsel.")**. Therefore, it would be inappropriate to certify the class while Plaintiff proceeds *pro-se*.

Plaintiff tries to get around this issue by filing a motion for appointment of counsel (Doc. 16; Doc. 18). But Plaintiff has no right to counsel in a civil case like this one. *Pruitt v. Mote*, **503 F.3d 647, 649 (7th Cir. 2007).** Further, any counsel that the Court appointed for Plaintiff would not be guaranteed to have class action experience or have the knowledge to adequately represent a class on the claims that Plaintiff alleges. Thus, the undersigned **RECOMMENDS** that Plaintiff's motion for class certification be **DENIED**.

## CONCLUSION

For the above-stated reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (Doc. 2) be **DENIED** and that Plaintiff's motion for class certification (Doc. 4) also be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **July 18, 2016**.

**IT IS SO ORDERED**.
DATED:     6/29/2016

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge